IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KEVIN PETTAWAY,**<br>462 Pasadena Place,<br>Barberton, OH 44203<br><br>     Plaintiff,<br><br>     v.<br><br>**BARBERTON STEEL INDUSTRIES,<br>INC.,**<br>6140 Parkland Blvd.,<br>Cleveland, OH 44124<br><br>     Defendant, | **CASE NO:**<br><br><br>**JUDGE**<br><br><br>**COMPLAINT (JURY DEMAND<br>ENDORSED HEREON)** |

Now comes Plaintiff, Kevin Pettaway, by and through undersigned counsel, stating the following as his Complaint including claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Ohio's anti-discrimination law, Ohio Revised Code, Chapter 4112, against Defendant Barberton Steel Industries, Inc.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Counts I, II, and III pursuant to 28 U.S.C. § 1221 because the claims are set forth pursuant to the law of the United States of America.

2. The Court may exercise supplemental jurisdiction over Counts IV, V, and VI, Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because the claims arise out of the same set of operative facts as Count I, II, and III.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as the entity, Defendant Barberton Steel Industries, Inc. ("Defendant"), resides within the Northern District of Ohio, Eastern Division, as it is an entity with the capacity to sue and be sued in its common name under applicable law,

whether or not incorporated and this is a judicial district in which Defendant is subject to the court's personal jurisdiction with respect to the civil action in question.

## PARTIES

4.      Plaintiff Kevin Pettaway ("Plaintiff") is a natural person residing in Barberton, Ohio.

5.      Defendant Barberton Steel Industries, Inc. ("Defendant") is a corporation registered to do business in the state of Ohio in the location of Barberton and has a facility in Barberton in the State of Ohio.

6.      At all relevant time, Defendant has continuously been and is now conducting business in the State of Ohio, and has continuously been and is now an employer engaged in an industry affecting commerce and meets the definition of "employer" set forth in 42 U.S.C. § 2000e(b).

7.      At all relevant time, Defendant has employed more than fifteen individuals.

8.      Plaintiff has exhausted all administrative remedies through the Equal Employment Opportunity Commission, thereby giving this Court jurisdiction over these matters.

## FACTS COMMON TO ALL COUNTS

9.      Plaintiff was employed by Defendant to work as a grinder at its facility in Barberton, OH in November 20, 2023.

10.     While working for Defendant, Plaintiff was the victim of extremely racist behavior from a coworker, Jonatha Nuzum, including the repeated use of the "N" word and other derogatory slurs and phrases.

11.     Plaintiff immediately reported his coworker's behavior to Defendant's

2

management.

12. Defendant's managers' response was that the racist coworker was necessary for the operation of the facility and that Plaintiff would have to accept this racism to work for Defendant.

13. On January 18, 2024, an African American employee named Willie Johnson and the racist employee, Jonathan Nuzum, had a fight.

14. As a result of this fight, Mr. Johnson, the African American employee, was terminated from his employment, but the racist employee, Jonathan Nuzum, was not fired.

15. The next day, January 19, 2024, Plaintiff decided to confront Defendant's human resources department regarding its protection of the racist employee and discharge of Mr. Johnson.

16. Plaintiff decided to video record the conversation with Defendant's human resources department on his phone which is attached to this complaint as Exhibit 1.

17. During the conversation with Defendant's human resources department, Plaintiff remained calm and explained his concerns.

18. Ms. Bulgrin refused to discuss the hostile racist environment Defendant had created and instead tried to make it seem like Mr. Pettaway had an absenteeism problem.

19. Defendant did not always have working heat in the winter and was very flexible with employee attendance during the winter and Ms. Bulgrin knew this, but because she wanted to defend the hostile racist environment Defendant had created, she tried to raise this issue when she did not enforce the same policy on any other employees.

20. Ms. Bulgrin then told Plaintiff that she would be calling the police and that he was trespassing.

21. Defendant's human resources manager, Deb Bulgrin was not aware that Plaintiff

3

had videoed the conversation with his phone which explains her incorrect and indefensible recounting of events.

22.     In Defendant's position statement, Ms. Bulgrin claimed that Plaintiff threatened her, which can be seen from the video to be untrue.

23.     She called the police and they visited Plaintiff's house to notify him that he could no longer visit Defendant's property.

24.     No charges were filed for trespassing.

25.     Plaintiff's employment was terminated because he was discriminated against because of his race by Defendant.

26.     Plaintiff's employment was terminated because he complained to Defendant's Human Resources Department, Ms. Bulgrin, of Defendant's racist action against Mr. Johnson.

27.     Defendant created an openly hostile and racist work environment against African Americans.

28.     Plaintiff suffered the adverse employment action of termination of employment as a result of Defendant's unlawful discrimination, retaliation, and hostile work environment.

29.     As a result of this adverse employment action, Plaintiff suffered significant damages and is owed back pay, front pay, compensatory damages, punitive damages, attorneys' fees, cost costs and all other damages found appropriate by this Court.

30.     Plaintiff filed a charge with the Equal Employment Opportunity Commission on February 26, 2024 which was assigned Charge No. 532-2024-01704.

31.     On February 6, 2026, the Equal Employment Opportunity Commission issued a right-to-sue letter to Plaintiff.

## COUNT I

### Discrimination Pursuant to the Civil Rights Act, 42 U.S.C. § 2002e-2, *et. seq.*

32.     Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

33.     Plaintiff is African American.

34.     Plaintiff was a qualified individual as defined by Title VII as evidenced by his hiring and employment by Defendant.

35.     Plaintiff was subject to adverse employment actions on the basis of his race (African American).

36.     Plaintiff was terminated from his employment because he was African American while similarly situated Caucasian employees with similar attendance issues were not discharged.

37.     Plaintiff states a cause of action for discrimination on the basis of his race (African American) in violation of Title VII.

38.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, sick time, and attorneys' fees.

39.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

40.     Defendant's predecessor has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT II

5

**Retaliation Pursuant to the Civil Rights Act, 42 U.S.C. § 2002e-2, *et. seq*.**

41.    Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

42.    Plaintiff engaged in an activity protected by Title VII by opposing the racist actions by Defendant of terminating the employment of African American employee Willie Johnson, but not terminating the racist Caucasian employee Jonathan Nuzum.

43.    Plaintiff was subject to adverse employment actions in retaliation for complaining about and opposing this racist action by Defendant.

44.    Plaintiff was terminated from his employment because of his complaining about and opposing this racist action by Defendant.

45.    Plaintiff states a cause of action for discrimination on the basis of retaliation in violation of Title VII.

46.    Defendant's retaliatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, sick time, attorneys' fees, and to receive unwarranted discipline.

47.    Defendant's retaliatory conduct, in violation of Title VII, has caused Plaintiff mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

48.    Defendant has engaged in retaliatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT III

**Hostile Work Environment Pursuant to the Civil Rights Act, 42 U.S.C. § 2002e-2, *et. seq*.**

6

49.     Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

50.     Plaintiff is an African American, which is a protected class under Title VII.

51.     Plaintiff was subject to unwelcome harassment because he was African American by both the racist coworker, Jonathan Nuzum, and also by Defendant for protecting Mr. Nuzum and protecting him from any consequences from the use of these racist slurs and racist behavior.

52.     The conduct of Mr. Nuzum and his protecting managers were severe or pervasive enough to create an abusive, hostile, and offensive work place.

53.     Plaintiff states a cause of action for hostile work environment on the basis of race in violation of Title VII.

54.     Defendant's creation and/or protection of a hostile work environment, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, sick time, attorneys' fees, and to receive unwarranted discipline.

55.     Defendant's creation and/or protection of a hostile work environment, in violation of Title VII, has caused Plaintiff mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

56.     Defendant's predecessor has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a.

## COUNT IV

### Discrimination in Violation of Ohio Revised Code §§ 4112.02(A) and 4112.99

57.     Plaintiff incorporates the allegations contained above as if fully written verbatim

7

herein.

58. Plaintiff is African American.

59. Plaintiff was a qualified individual as defined by Ohio State law as evidenced by his hiring and employment by Defendant.

60. Plaintiff was subject to adverse employment actions on the basis of his race (African American).

61. Plaintiff was terminated from his employment because he was African American while similarly situated Caucasian employees with similar attendance issues were not discharged.

62. Plaintiff states a cause of action for discrimination on the basis of his race (African American) in violation of Ohio State law.

63. Defendant discriminated against Plaintiff because of his race in violation of Ohio Revised Code §§ 4112.02(A), 4112.02(I), and 4112.99.

64. Defendant's discriminatory conduct has caused Plaintiff to suffer a loss of pay, benefits, sick time, receipt of unwarranted discipline, emotional and mental distress, and loss of attorneys' fees incurred pursuing justice.

65. Defendant's discriminatory actions justify the award of punitive, compensatory and other damages as this Court finds appropriate.

## **COUNT V**

### **Retaliation in Violation of Ohio Revised Code §§ 4112.02(I) and 4112.99**

66. Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

67. Plaintiff engaged in an activity protected by Ohio State law by opposing the racist

8

actions by Defendant of terminating the employment of African American employee Willie Johnson, but not terminating the racist Caucasian employee Jonathan Nuzum.

68.     Plaintiff was subject to adverse employment actions in retaliation for complaining about and opposing this racist action by Defendant.

69.     Plaintiff was terminated from his employment because of his complaining about and opposing this racist action by Defendant.

70.     Plaintiff states a cause of action for discrimination on the basis of retaliation in violation of Ohio State law.

71.     Defendant retaliated against Plaintiff in retaliation for opposing racism and discrimination in violation of Ohio Revised Code §§ 4112.02(I) and 4112.99.

72.     Defendant's retaliatory conduct has caused Plaintiff to suffer a loss of pay, benefits, sick time, receipt of unwarranted discipline, emotional and mental distress, and loss of attorneys' fees incurred pursuing justice.

73.     Defendant's retaliatory actions justify the award of punitive, compensatory and other damages as this Court finds appropriate.

### COUNT VI

### Hostile Work Environment in Violation of Ohio Revised Code §§ 4112.02(A), 4112.02(I), and 4112.99

74.     Plaintiff incorporates the allegations contained above as if fully written verbatim herein.

75.     Plaintiff is an African American, which is a protected class under Ohio State law.

76.     Plaintiff was subject to unwelcome harassment because he was African American

9

by both the racist coworker, Jonathan Nuzum, and also by Defendant for protecting Mr. Nuzum and protecting him from any consequences from the use of these racist slurs and racist behavior.

77. The conduct of Mr. Nuzum and his protecting managers were severe or pervasive enough to create an abusive, hostile, and offensive work place.

78. Plaintiff states a cause of action for hostile work environment on the basis of race in violation of Ohio State law.

79. Defendant created and/or protected a hostile work environment in violation of Ohio Revised Code §§ 4112.02(I) and 4112.99.

80. Defendant's creation and/or protection of a hostile work environment has caused Plaintiff to suffer a loss of pay, benefits, sick time, receipt of unwarranted discipline, emotional and mental distress, and loss of attorneys' fees incurred pursuing justice.

81. Defendant's creation and/or protection of a hostile work environment justify the award of punitive, compensatory and other damages as this Court finds appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kevin Pettaway prays for judgment in his favor as follows:

1. That the Court grant full front pay to the Plaintiff;

2. That the Court grant full back pay to the Plaintiff;

3. That the Court order Plaintiff be repaid any earned sick time or vacation time;

4. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

5. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

10

6.        That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated and retaliated against;

7.        That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the Title VII, and/or 42 U.S.C. § 1988;

8.        That the Court grant Plaintiff a jury trial; and,

9.        That the Court grant Plaintiff all other relief the Court deems just and proper.

Respectfully Submitted,

/s/ Matthew T. Hurm, Esq.
Matthew T. Hurm, Esq. (0088818)
Hurm Law Firm, LLC
P.O. Box 39192
Solon, OH 44139
(p) (216) 860-1922
(f) (216) 820-4347
matt@hurmlawfirm.com

*Counsel for Plaintiff*

## JURY DEMAND

A trial by jury is hereby demanded on all issues so triable.

Respectfully Submitted,

/s/ Matthew T. Hurm, Esq.
Matthew T. Hurm, Esq. (0088818)
Hurm Law Firm, LLC
P.O. Box 39192
Solon, OH 44139
(p) (216) 860-1922
(f) (216) 820-4347
matt@hurmlawfirm.com

*Counsel for Plaintiff*